**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0482n.06
Filed: August 11, 2008

**No. 07-3247**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| OHIO BUSINESS MACHINES, INC., | ) | |
| | ) | ON APPEAL FROM THE |
| Debtor. | ) | BANKRUPTCY APPELLATE |
| | ) | PANEL OF THE UNITED |
| _____ | ) | STATES COURT OF APPEALS |
| | ) | FOR THE SIXTH CIRCUIT |
| BRIAN A. BASH, Trustee, | ) | |
| | ) | |
| Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SUN TRUST BANKS, INC., | ) | |
| | ) | |
| Appellant. | ) | |

_____

BEFORE: NORRIS, GIBBONS, and GRIFFIN, Circuit Judges.

PER CURIAM.

This appeal originates in an adversary proceeding in bankruptcy court brought by appellee Brian A. Bash, the Chapter 7 Trustee for debtor Ohio Business Machines, Inc. ("OBM"), against appellant Sun Trust Banks, Inc. The Trustee's complaint seeks avoidance of fraudulent and preferential transfers and alleges breach of fiduciary duty under the Ohio Uniform Fraudulent Transfer Act ("OUFTA"), OHIO REV. CODE §§ 1336.01-1336.11. Specifically, the Trustee alleges

that OBM fraudulently transferred $926,021.29 to Sun Trust in exchange for certain stock-purchase warrants Sun Trust held in OBM's parent holding company, Point Group, Inc. ("PGI"). The Trustee avers that Sun Trust, through its agents and representatives, was an insider of OBM at the time of the warrant payments as a result of its attendance at OBM's board of director meetings and thus acquired specific information pertaining to the financial status of OBM and PGI. The Trustee alleges that as a result of OBM's warrant payments, OBM depleted its assets by more than $3 million, receiving in return warrants in PGI that were worthless due to PGI's nominal financial condition.

The bankruptcy court dismissed the adversary proceeding for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), concluding that the Trustee lacked standing to pursue his claims against Sun Trust because the transferred funds did not belong to the debtor OBM, but rather to the bankruptcy estate of PGI. In conjunction with the dismissal, the bankruptcy court denied the Trustee's request to substitute the bankruptcy estate of PGI as a party plaintiff under Federal Rule of Civil Procedure 17.

The Bankruptcy Appellate Panel of the Sixth Circuit ("BAP") affirmed in part and reversed in part the bankruptcy court's order. *Bash v. Sun Trust Banks, Inc.* (*In re Ohio Business Machines*, *Inc.*), 356 B.R. 786, 2007 WL 177941 (6th Cir. BAP Jan. 25, 2007) (table decision). The BAP held that the Trustee had standing to pursue the fraudulent conveyance and breach of fiduciary actions against Sun Trust because the transfer at issue was of "an interest of the debtor in property" as contemplated by the Bankruptcy Code, 11 U.S.C. § 544(b)(1) and OHIO REV. CODE ANN. § 1336.05. In a nutshell, the BAP

> agree[d] with the Trustee that OBM had an interest in the funds transferred to Sun Trust. Notwithstanding that the original warrant agreement was between PGI and Sun Trust alone and the subsequent Warrant Redemption Agreement was only between these two entities, it is clear that the funds paid to Sun Trust were funds that Minolta had loaned to both OBM and PGI, and that both OBM and PGI were obligated to repay. OBM was a party to the Minolta loan agreement and a party to the escrow agreement, wherein it gave its consent to the distribution of funds in which it had an interest. If OBM had had no interest in the funds, it would not have been necessary for it to be a party to the escrow agreement which directed the distribution to Sun Trust. The mere fact that the funds were to be used to pay a debt owed solely by PGI did not obviate the fact that PGI's debt was paid with funds in which OBM had an interest since Minolta had loaned the funds to both OBM and PGI and each was severally obligated for the funds' repayment. Because the transfer to Sun Trust was made with funds that had been loaned to OBM, there was a transfer of property of the debtor. The bankruptcy court's decision to the contrary was clearly erroneous.

*In re Ohio Business Machines, Inc.*, 2007 WL 177941, at *5.

Although its conclusion in this regard rendered moot the issue of the Trustee's Rule 17 motion to add the PGI estate as a party plaintiff, the BAP nonetheless found no abuse of discretion in the bankruptcy court's denial of the motion. Sun Trust now timely appeals from that portion of the BAP's decision reinstating the Trustee's claims.

Upon careful review of the record, the parties' briefs, and applicable law, we are satisfied that the issues were decided correctly by the BAP and that no useful purpose would be served by additional discussion or the issuance of a full written opinion by this court. Therefore, with one caveat,[1] we affirm the BAP's January 25, 2007, judgment, *In re Ohio Business Machines, Inc.*, 2007

---

[1]In its decision, the BAP raised sua sponte the issue of Sun Trust's "earmarking" defense and resolved this matter against Sun Trust. *See In re Ohio Business Machines, Inc.*, 2007 WL 177941, at *6. Sun Trust complains legitimately that the BAP should not have ruled upon the viability of a defense that, while briefed in Sun Trust's motion for summary judgment, was not asserted in its

WL 177941, for the reasons stated therein.

      The judgment of the Bankruptcy Appellate Panel is affirmed.

---

motion to dismiss, and was neither addressed by the bankruptcy court nor briefed by the parties on appeal to the BAP. *See generally Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 729 (6th Cir. 1996) ("rely[ing] on our general rule" and declining to address the merits of a Title IX claim where the "substance of the plaintiffs' claims was not addressed by the court below, and has not been adequately briefed on appeal."). Nonetheless, the BAP's analysis of the "earmarking" defense was not dispositive of the case, but merely supplemented its correct conclusion, based on the ample evidence of record, that OBM had sufficient interest in the funds to constitute a transfer of the property of the debtor for purposes of the bankruptcy code and the OUFTA, thereby giving the Trustee standing to pursue his claims. Thus, we conclude, contrary to Sun Trust's contention, that the BAP's imprudent discussion of the defense does not warrant reversal of the BAP's decision.